ORIGINAL

1  KAREN P. HEWITT
   United States Attorney
2  CHARLOTTE E. KAISER
   Assistant U.S. Attorney
3  California State Bar No. Pending
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7031

6  Attorneys for Plaintiff
   United States of America
7



8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA,        )    Criminal Case No. 08CR2117-BEN
                                     )
12                Plaintiff,         )
                                     )
13         v.                        )    PLEA AGREEMENT
                                     )    (Fast-Track)
14  JESUS ALBERTO FELIX-LOPEZ (1),   )
                                     )
15                Defendant.         )
    _____)

16

17      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

18  AMERICA, through its counsel, Karen P. Hewitt, United States Attorney,

19  and Charlotte E. Kaiser, Assistant United States Attorney, and

20  defendant, JESUS ALBERTO FELIX-LOPEZ, with the advice and consent of

21  Robert Boyce, counsel for defendant, as follows:

22  //

23  //

24  //

25  //

26  //

27  //

28  CEK:jam:6/12/08

                                          Def. Initials JAFL

I

**THE PLEA**

A.    The Charge. Defendant agrees to waive Indictment and plead guilty to a single-count Information charging defendant with:

> knowingly and intentionally importing 5 kilograms or more, to wit: approximately 39.62 kilograms (87.16 pounds) of Cocaine, a Schedule II Controlled Substance, into the United States from a place outside thereof, on or about May 30, 2008, within the Southern District of California, in violation of 21 U.S.C. §§ 952, 960 and 18 U.S.C. § 2.

This plea agreement is part of a "package" disposition. In order for defendant to receive the benefit of this agreement, ~~so~~defendant agrees to exonerate his co-defendant CARMEN GARCIA. ~~On defendant's~~ ~~CARMEN GARCIA also must plead guilty at the same time. See Section~~ and sentence, the United States will move to dismiss the information against ~~VI.E. below.~~ CARMEN GARCIA without prejudice.

B.    Early Disposition (Fast-Track) Program. The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.

C.    Program Requirements. As part of this plea agreement, and as set forth in Section X.A.5. below, the United States will move the Court to depart downward two offense levels under USSG § 5K3.1 provided defendant complies with the following early disposition (Fast-Track) program requirements, to which defendant specifically agrees: (1) waives indictment, (2) files or argues no substantive motions, including those described in Fed. R. Crim. P. 12, (3) pleads guilty within 60 days of arraignment on the complaint initially filed against defendant ("arraignment"), (4) if defendant is illegally in the United States, stipulates to removal after completion of the

Def. Initials JAFL

08CR2117

1  sentence, and (5) waives appeal and collateral attack of the

2  conviction and sentence (<u>see</u> Section XI below).

3        D.    <u>Timeliness/Offer Revocation</u>.  The disposition contemplated

4  by this agreement is conditioned on (1) the original plea agreement

5  being signed by defendant and defense counsel and returned to

6  Government counsel not later than five business days before the

7  disposition date, and (2) the guilty plea being entered on or before

8  **August 2, 2008**.  Further, in the event that defendant seeks a delay

9  in the disposition in this case to a date beyond 60 days of

10  arraignment, the United States may in its sole discretion revoke the

11  disposition offer contained in this plea agreement and seek

12  defendant's indictment on the underlying charge(s).

13        E.    <u>Forfeiture</u>.    The defendant further agrees to the

14  administrative and/or civil forfeiture of all properties seized in

15  connection with this case which the defendant agrees are subject to

16  forfeiture to the United States pursuant to Title 21, United States

17  Code, Section 881.  The defendant further waives his right to receive

18  timely notice of administrative forfeiture as set forth in 18 U.S.C.

19  § 983(a) and waives receipt of all notice of forfeiture in this and

20  all other administrative and civil proceedings.  Defendant warrants

21  and represents as a material fact that all property in which he has

22  any interest may be forfeited as described above.

23                            II

24                   <u>NATURE OF THE OFFENSE</u>

25    A.    <u>ELEMENTS EXPLAINED</u>

26    Defendant understands that the offense to which defendant is

27  pleading guilty has the following elements:

28              1.    Defendant intentionally brought cocaine into the
                      United States; and

Def. Initials JAFL

08 CR 2117

3

2.    Defendant knew that it was cocaine or some other prohibited drug.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed:

1.    That on or about May 30, 2008, defendant knowingly and intentionally drove a 2000 Jeep Grand Cherokee ("the vehicle"), bearing California license 5TCE046, from Mexico into the United States through the Calexico, California West Port of Entry (POE).

2.    That at the time the vehicle described above entered the United States through the Calexico West, POE, concealed within the vehicle was approximately 39.62 kilograms (87.16 pounds) of Cocaine, a Schedule II Controlled Substance.

3.    That at the time defendant knowingly and intentionally drove the vehicle described above into the United States through the Calexico West, POE, he knew that the vehicle contained approximately 39.62 kilograms (87.16 pounds) of Cocaine, or some other prohibited drug.

*JAFL PEB*  4.    *The passenger in the vehicle, CARMEN GARCIA, had no knowledge or involvement with this drug smuggling operation.*  *ceh*

III

**PENALTIES**

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

A.    a maximum life in prison; and a mandatory minimum of 10 years;

B.    a maximum $4,000,000.00 fine;

C.    a mandatory special assessment of $100.00 per count; and

D.    a term of supervised release of at least 5 years but no more than 5 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

Def. Initials *JAR*
08 CR *2117*

4

IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A.    continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.    a speedy and public trial by jury;

C.    the assistance of counsel at all stages of trial;

D.    confront and cross-examine adverse witnesses;

E.    present evidence and to have witnesses testify on behalf of defendant; and

F.    not testify or have any adverse inferences drawn from the failure to testify.

V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and Defendant also waives the right to this information. Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

Def. Initials JAF

08 CR 2117

5

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY
## PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.    Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequences of this plea;

B.    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.    No one has threatened defendant or defendant's family to induce this guilty plea; and

D.    Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

E.    "Package" Disposition.    Further, defendant expressly acknowledges his understanding that the disposition contemplated by this agreement is part of a "package" disposition with his codefendant CARMEN GARCIA, wherein the Government's obligations under the agreement are conditioned on the performance by defendant and his codefendant(s) of their obligations under the agreement.

*RLB decision to exonerate his co-defendant CARMEN GARCIA.* *col*

*JAFL*
*rwc*

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by the defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a).    Defendant understands

Def. Initials *JAFL*
*08* CR *2117*

1 further that in imposing the sentence, the sentencing judge must

2 consult the United States Sentencing Guidelines (Guidelines) and take

3 them into account.  Defendant has discussed the Guidelines with

4 defense counsel and understands that the Guidelines are only advisory,

5 not mandatory, and the court may impose a sentence more severe or less

6 severe than otherwise applicable under the Guidelines, up to the

7 maximum in the statute of conviction.  Defendant understands further

8 that the sentence cannot be determined until a presentence report has

9 been prepared by the U.S. Probation Office and defense counsel and the

10 Government have had an opportunity to review and challenge the

11 presentence report.  Nothing in this plea agreement shall be construed

12 as limiting the Government's duty to provide complete and accurate

13 facts to the district court and the U.S. Probation Office.

14                              IX

15         **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

16      This plea agreement is made pursuant to Federal Rule of Criminal

17 Procedure 11(c)(1)(B).  Defendant understands that the sentence is

18 within the sole discretion of the sentencing judge.  The Government

19 has not made and will not make any representation as to what sentence

20 defendant will receive.  Defendant understands that the sentencing

21 judge may impose the maximum sentence provided by statute, and is also

22 aware that any estimate of the probable sentence by defense counsel

23 is a prediction, not a promise, and is **not binding on the Court**.

24 Likewise, the recommendation made by the Government is not binding on

25 the Court, and it is uncertain at this time what defendant's sentence

26 will be.  Defendant also has been advised and understands that if the

27 sentencing judge does not follow any of the parties' sentencing

28

Def. Initials JAFL

08 CR 2117

1  recommendations, defendant nevertheless has no right to withdraw the

2  plea.

3                                        X

4              **PARTIES' SENTENCING RECOMMENDATIONS**

5       A.    SENTENCING GUIDELINE CALCULATIONS

6       Although the parties understand that the Guidelines are only

7  advisory and just one of the factors the court will consider under 18

8  U.S.C. § 3553(a) in imposing a sentence, the parties will jointly

9  recommend the following Base Offense Level, Specific Offense

10 Characteristics, Adjustments and Departures (if applicable):

11          1.   Base Offense Level [§ 2D1.1]              34

12          2.   Base Offense Level [§ 2D1.1 (a)(3)]       31
                 (Provided the defendant receives an
13               adjustment for role, under § 3B1.2)

14          3.   Safety Valve (if applicable)              -2*
                 [§§ 2D1.1(b)(11) and 5C1.2]
15
16          4.   Minor Role [§ 3B1.2(b)]                   -2

17          5.   Acceptance of Responsibility [§ 3E1.1]    -3

18          6.   Departure for Fast Track [§ 5K3.1]        -2
                 (see paragraph I below)

19               Total Offense Level                        22

20

21      *If defendant truthfully discloses to the government all

22 information and evidence the defendant has concerning the offense and

23 relevant conduct, and if defendant otherwise qualifies for the "safety

24 valve" in § 5C1.2, the government will recommend a two-level reduction

25 under § 2D1.1(b)(11), and relief from any statutory mandatory minimum

26 sentence pursuant to § 5C1.2. Defendant understands that if he does

27 not qualify for § 5C1.2, defendant may be subject to a statutory

28 mandatory minimum sentence.

Def. Initials JAR

08 CR 2117

B.    ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph A.5 above, the Government will <u>not</u> recommend any adjustment for <u>Acceptance of Responsibility</u> if defendant:

1. Fails to admit a complete factual basis for the plea at the time it is entered, or

2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the Court or probation officer, or

3. Fails to appear in court, or

4. Engages in additional criminal conduct, or

5. Attempts to withdraw the plea, or

6. Refuses to abide by any lawful court order.

7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

C.    <u>ADJUSTMENTS</u>

The parties agree that defendant may request additional downward adjustments and that the Government will oppose any downward adjustment not set forth in Section X, paragraph A above.

D.    <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

The parties have **no** agreement as to defendant's Criminal History Category.

E.    <u>DEPARTURES</u>

The parties agree that defendant may request additional downward departures, including criminal history departures under USSG § 4A1.3.; however, defendant may not file or argue substantive motions, including those described in Fed. R. Crim. P. 12, under this subsection. The parties agree further that the Government will oppose any downward departure not set forth in Section X, paragraph A above.

Def. Initials JAFL

08 CR 2117

F.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

G.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The parties agree that the Government will recommend that defendant be sentenced to the **low end** of the advisory guideline range as calculated by the Government pursuant to this agreement. However, if the Court adopts an offense level or downward adjustment or departure below the Government's recommendations in this plea agreement, the Government will recommend a sentence as near as possible to what the sentence would have been if the Government's recommendations had been followed.

H.    SPECIAL ASSESSMENT

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

I.    STIPULATED REMOVAL

If defendant is not a United States citizen or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or

Def. Initials JAF

08 CR 2117

10

1 any other case.  Defendant further waives any right to appeal, reopen

2 or challenge the removal order.

3                                   XI

4          **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

5          In exchange for the Government's concessions in this plea

6 agreement, defendant waives, to the full extent of the law, any right

7 to appeal or to collaterally attack the conviction and sentence,

8 including any restitution order, unless the Court imposes a custodial

9 sentence above the greater of the high end of the guideline range

10 recommended by the Government pursuant to this agreement at the time

11 of sentencing or statutory mandatory minimum term, if applicable. If

12 the custodial sentence is greater than the high end of that range, the

13 defendant may appeal,  but the Government will be free to support on

14 appeal the sentence actually imposed.  If defendant believes the

15 Government's recommendation is not in accord with this agreement,

16 defendant will object at the time of sentencing; otherwise the

17 objection will be deemed waived.

18          If defendant breaches this plea agreement, at any time, by

19 appealing or collaterally attacking the conviction or sentence, in any

20 way, the Government may prosecute defendant for any counts, including

21 those with mandatory minimum sentences, dismissed or not charged

22 pursuant to this plea agreement.  Additionally, the Government may use

23 any factual admissions made by defendant pursuant to this plea

24 agreement in any such prosecution.

25 //

26 //

27 //

28 //

Def. Initials.JAFM

08 CR 2117

11

1

## XII

2
3
**CRIMES AFTER ARREST OR BREACH OF THE AGREEMENT WILL PERMIT THE GOVERNMENT TO RECOMMEND A HIGHER SENTENCE OR SET ASIDE THE PLEA**

4      This plea agreement is based on the understanding that, prior to

5 defendant's sentencing in this case, defendant has not committed or

6 been arrested for any offense not known to the Government prior to

7 defendant's sentencing.  This plea agreement is further based on the

8 understanding that defendant has committed no criminal conduct since

9 defendant's arrest on the present charges, and that defendant will

10 commit no additional criminal conduct before sentencing.  If defendant

11 has engaged in or engages in additional criminal conduct during this

12 period, or breaches any of the terms of any agreement with the

13 Government, the Government will not be bound by the recommendations

14 in this plea agreement, and may recommend any lawful sentence.  In

15 addition, at its option, the Government may move to set aside the

16 plea.

17

## XIII

18

### ENTIRE AGREEMENT

19      This plea agreement embodies the entire agreement between the

20 parties and supersedes any other agreement, written or oral.

21

## XIV

22

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

23      No modification of this plea agreement shall be effective unless

24 in writing signed by all parties.

25

## XV

26

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

27      By signing this agreement, defendant certifies that defendant has

28 read it (or that it has been read to defendant in defendant's native

Def. Initials JAE

08 CR 2117

12

1  language).  Defendant has discussed the terms of this agreement with

2  defense counsel and fully understands its meaning and effect.

3                                    XVI

4                   DEFENDANT SATISFIED WITH COUNSEL

5       Defendant has consulted with counsel and is satisfied with

6  counsel's representation.

7                                   KAREN P. HEWITT
                                    United States Attorney
8

9    _____7/16/08_____        [signature]

10  DATED                          CHARLOTTE E. KAISER
                                    Assistant U.S. Attorney
11

12   _7-10-08_____             [signature]

13  DATED                          ROBERT BOYCE
                                    Defense Counsel
14

15  IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR
    UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS"
16  PARAGRAPH ABOVE ARE TRUE.

17

18   _7-10-08_____             [signature]

    DATED                          JESUS ALBERTO FELIX-LOPEZ
19                                  Defendant

20

21

22

23

24

25

26

27

28

13                                                      08 CR 2117